{¶ 31} Because I would affirm appellant's conviction but vacate his sentence and remand for resentencing, I respectfully dissent. First, the majority mistakenly considers moot appellant's fourth assignment of error arguing that the trial court violated his right to a jury trial when it imposed more than the minimum prison sentence. This court, in light of the recent Ohio Supreme Court's opinion in State v. Foster,
___ Ohio St.3d ___, 2006-Ohio-856, ¶ 103, ___ N.E.2d ___, is obliged to vacate such sentence and remand for resentencing when the trial court, like the case here, relies upon R.C. 2929.14(B), now an unconstitutional statute, in imposing more than the minimum prison term. Following Foster, I would vacate appellant's four-year prison term for his aggravated robbery conviction and remand to the trial court for resentencing.
 {¶ 32} Second, although the parties do not dispute that Clark's testimony violated the confrontation clause, appellant never objected to the admission of the testimony and, when the evidence is reviewed for plain error, appellant suffered no prejudice. Here, there was more than sufficient evidence of appellant's guilt without Clark's improperly admitted statements. Turner and Baingull both identified appellant as the robber and the one with the gun, as well as corroborated the details of the robbery. Clark's statements were duplicative, if anything, of the already established evidence that appellant was the robber. Indeed, had Clark testified and been subject to cross-examination at trial, he would only have bolstered the overwhelming evidence against appellant. Because there is no prejudice to appellant, there is no plain error; thus, I would affirm appellant's conviction for aggravated robbery.